[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2007
THOMAS K. KAHN
CLERK

No. 06-16184
Non-Argument Calendar
_____

D.C. Docket No. 05-01282-CV-T-26-MSS

CLARENDON NATIONAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

BRAD H. MULLER, individually, and as
Trustee of the Corrine R. Muller Trust,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 8, 2007)**

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Clarendon National Insurance Company ("Clarendon") filed a declaratory

judgment action against its insureds Domenic Massari and Massari's law firm

(collectively, "Massari"), as well as Brad Muller, individually and as Trustee of the Corrine R. Muller Trust. Massari was voluntarily dismissed. After all other claims were voluntarily dismissed, Clarendon and Muller filed cross-motions for summary judgment on the one claim remaining in the case, Clarendon's request for a declaration that the insurance policy issued to Massari for the policy period July 1, 2000 to July 1, 2001 ("the policy") does not afford coverage for the defense and indemnification of claims for attorney malpractice and related torts that had been brought in another lawsuit by Muller against Massari. The district court granted summary judgment to Clarendon. Muller appeals.

We find no reversible error in the district court's grant of summary judgment. The parties do not dispute that Massari communicated to Clarendon, by letter dated June 27, 2002, that Muller had made Massari aware of some concerns that Muller had about Massari's prior legal representation and the potential that these concerns would result in litigation. Neither do the parties dispute that this was the one notice provided by Massari to Clarendon prior to July 1, 2002 (the end of the extended reporting period). The parties' dispute centers around whether the letter provided Clarendon with notice of a "claim" or only a "potential claim" and, if the latter, whether coverage is afforded under the policy for "potential claims" that Massari

2

made known to Clarendon after expiration of the policy period but before expiration of the extended reporting period.

The policy defines a claim as "a demand received by the Insured for money or services arising out of an act or omission, including personal injury, in the rendering of or failure to render legal services." (R.2-42 Ex. A at 11.) The plain language of Massari's letter to Clarendon does not put Clarendon on notice that, as of the date of that letter, Muller had made any present demand. (R.1-30 Ex. A.) The letter simply informed Clarendon that, if future events did not resolve Muller's concerns that he and the trust would suffer damages as a result of Massari's malpractice, Muller may make a demand for money or services, in the form of a lawsuit. Therefore, Massari did not provide Clarendon with notice of a claim, as defined by the policy, within the extended reporting period.

And, the plain language of the policy does not extend coverage to potential claims reported during the extended reporting period. Coverage is only available for actual claims reported during that period. (R.2-42 Ex. A at 17.)

AFFIRMED.[1]

_____

[1] Appellant's Motion to Certify Questions to the Florida Supreme Court is DENIED.